UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| LOUIS WHITE | CIVIL ACTION NO. 09-2154-P |
| VERSUS | JUDGE HICKS |
| BUDDY CALDWELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Louis White ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on December 17, 2009. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names Buddy Caldwell, Assistant District Attorney Hugo Holland, and District Attorney Charles Rex Scott as defendants.

Plaintiff claims that Defendants have violated his Fourteenth Amendment right to due process when they denied him post-conviction DNA testing. He claims he has been denied the opportunity to pay for post-conviction DNA testing, but that other inmates such as Calvin D. Willis have been granted the opportunity.

Plaintiff claims that on May 21, 2002, he filed a state court application for post-conviction relief pursuant to La. C.Cr.P. art. 926.1 seeking to obtain biological evidence for DNA testing. He claims the trial court denied his application on October 14, 2002. He

claims the Louisiana Second Circuit Court of Appeal denied his request for writs as did the Supreme Court of Louisiana.

Plaintiff claims he was denied post-conviction relief for failure to provide articulable doubt based on competent evidence as to his guilt which DNA testing would resolve and establish his innocence.

Plaintiff claims that on January 22, 2007, he filed a second application for post-conviction relief pursuant to La. C.Cr.P. art. 926.1. He claims the trial court denied his application as repetitive. He claims the Louisiana Second Circuit Court of Appeal denied his request for writs as repetitive, as did the Supreme Court of Louisiana.

As relief, Plaintiff seeks post-conviction DNA testing.

For the following reasons, Plaintiff's civil rights complaint should be dismissed as frivolous for failure to state a claim upon which relief can be granted.

## LAW AND ANALYSIS

By this complaint, Plaintiff asks the Court to require Defendants to release certain items of biological evidence for post-conviction DNA testing. He claims he is entitled to the evidence for DNA testing and that the withholding of the evidence violates his due process rights under the Fourteenth Amendment.

The United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid

by a state tribunal authorized to made such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998).

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

The Fifth Circuit considered a § 1983 claim seeking to compel the production of biological evidence for post-conviction DNA testing in Kutzner v. Montgomery County, 303 F.3d 339 (5th Cir. 2002). The Fifth Circuit applied Heck, and held that such a claim was not cognizable in a § 1983 action and should be brought as a petition for habeas relief pursuant to 28 U.S.C. § 2254. Id. at 340.

Three years after the Kutzner opinion, the Supreme Court decided Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). In that case, the Supreme Court evaluated its case law regarding the differences between claims cognizable pursuant to § 1983 and claims cognizable in habeas. In Dotson, the court decided that a § 1983 action

involving parole proceedings should be allowed to proceed as a § 1983 action. Although Dotson did not involve a request for evidence for DNA testing, several circuit court of appeals have interpreted the decision in Dotson to allow a prisoner to bring a claim for evidence for DNA testing as a § 1983 action. See McKithen v. Brown, 481 F.3d 89, 103 (2d Cir. 2007)(citing cases). See also In re Smith, 349 F.3d 12 (6th Cir. 2009)(disagreeing with McKithen).

The Fifth Circuit has not resolved whether Kutzner remains the law in this circuit. See Richards v. District Attorney's Office, 355 Fed.Appx. 826 (5th Cir. 2009). Similarly, the Supreme Court has declined to decide this "difficult issue." District Attorney's Office for Third Judicial District v. Osborne, 129 S.Ct. 2308, 2319 (2009). However, until Kutzner is overruled, this court is bound to apply it. Mauro v. Freeland, 2009 WL 3806091 (S. D. Tex. 2009). Accordingly, Plaintiff's § 1983 claims are only cognizable in a petition for habeas. See Kutzner, 303 F.3d at 341.

There is another independent basis for dismissal of Plaintiff's complaint. In District Attorney's Office for Third Judicial District v. Osborne, 129 S.Ct. at 2323, the Supreme Court held that there is no freestanding federal constitutional right to post-conviction access to DNA for testing. Therefore, Plaintiff cannot establish the deprivation of a constitutional right. Richards, 355 Fed.Appx. at 826.

Finally, Plaintiff has failed to establish a procedural due process claim because be has not demonstrated the facial inadequacy of Louisiana's procedures for post-conviction DNA

access. District Attorney's Office for Third Judicial District v. Osborne, 129 S.Ct. at 2321; Richards, 355 Fed. Appx. at 826-827.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that Plaintiff's motion for preliminary injunction (Doc. 3) be **DENIED** because it raises the same allegations as his complaint.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of July, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE